# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1738 | **DATE** | 5/3/2000 |
| **CASE TITLE** | Weber Stephen Products vs. Armitage Hardware, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Because both parties to this case have adequate avenues of recourse should they be unhappy with the administrative panel's imminent decision, we find no need to stay the pending ICANN administrative action. Instead, we hereby stay this case pending the outcome of those proceedings.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 09 2000 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/3/2000 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEBER-STEPHEN PRODUCTS CO., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARMITAGE HARDWARE AND ) <br> BUILDING SUPPLY, INC. d/b/a ) <br> ARMITAGE ACE HARDWARE and d/b/a ) <br> ARMITAGE HARDWARE, ) <br> KEVLO INTERNET TECHNOLOGIES, ) <br> BRIAN O'DONNELL, KEVIN ) <br> O'DONNELL, DANIEL O'DONNELL ) <br> and JOHN THURLOW, ) <br> ) <br> Defendants. ) <br> ) | No. 00 C 1738 |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Defendant Armitage Hardware (Armitage) owns a number of internet domain names that plaintiff Weber-Stephen Products Company (Weber) alleges intentionally and in bad faith use Weber's registered trademarks and service marks in a deceptive, confusing, and misleading manner. Weber initiated an administrative proceeding before the World Intellectual Property Organization (WIPO), pursuant to the Uniform Domain Name Dispute Resolution Policy of the Internet Corporation for Assigned Names and Numbers (ICANN Policy), requesting that the administrative panel issue a decision transferring Armitage's domain names to Weber or canceling Armitage's domain names. The following day, Weber also filed suit in this Court, alleging "cyberpiracy" as well as other claims, such as



trademark infringement. Weber told this Court that it had commenced an ICANN proceeding to resolve the issue of whether Armitage was using its domain names in bad faith, which is the only issue that the ICANN administrative panel has power to decide under the Policy. Weber also said that because it expected a decision from the panel within 45 to 50 days from the filing of its ICANN complaint (the Policy provides for expedited review), it would not be seeking injunctive relief in this Court with respect to Armitage's registration of the Weber domain names unless the panel declines to cancel and/or to transfer the domain names to Weber.

We understand that the panel is scheduled to issue a decision as soon as May 5, 2000. Before us now is Armitage's motion to declare the administrative proceeding non-binding and to stay this case in favor of the administrative action, or alternatively – should we find the other proceeding to be binding – to stay it while we consider whether Armitage's participation in that proceeding can be compelled. Armitage's concern is that if the panel's arbitration decision is binding on this Court, Armitage will suffer irreparable harm because our review of the panel's decision will necessarily be circumscribed pursuant to the deference accorded arbitrators' decisions under the Federal Arbitration Act.

The ICANN is a new, quasi-governmental internet-regulating body, and its Policy (approved on October 24, 1999) provides for a "mandatory administrative proceeding" in disputes between domain name owners and trademark owners and purportedly applies to every domain name registrant who registers its domain names through an ICANN-accredited registrar.[1] Armitage contends that it did not agree to the administrative

---

[1] The term "registrar" refers to the entity (such as Network Solutions, Inc. or America Online) through which a company or individual can register a domain name.

2

proceeding and thus cannot be compelled to participate in it. However, Armitage will participate if we declare that the proceeding is non-binding, that we owe no deference to the proceeding, and that WIPO, ICANN, and Network Solutions, Inc. (Armitage's ICANN-accredited registrar) cannot take any action adverse to Armitage until this matter is resolved in this Court.

No federal court has yet considered the legal effect of a WIPO proceeding. However, the ICANN Policy and its accompanying rules do contemplate the possibility of parallel proceedings in federal court. First, the Policy provides that ICANN will cancel or transfer domain name registrations upon "our receipt of an order from a court . . . of competent jurisdiction, requiring such action; *and/or* . . . our receipt of a decision of an Administrative Panel requiring such action in any administrative proceeding . . . conducted under this Policy." ICANN Policy at ¶ 3. Also, the procedural rules governing the Policy provide that if legal proceedings are initiated prior to or during an administrative proceeding with regard to a domain name dispute that is the subject of the administrative complaint, the panel has the discretion to decide whether to suspend or terminate the administrative proceeding or whether to proceed and make a decision. Uniform Domain Name Dispute Resolution Rules, at ¶ 18.[2] And the language of the Policy suggests that the administrative panels' decisions are not intended to be binding on federal courts. For example, under the heading "Availability of Court Proceedings," the ICANN Policy provides:

> The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after

---

[2] In this case, the panel has not yet suspended or terminated the ICANN proceedings.

3

> such proceeding is concluded. If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days . . . before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted . . . If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name.

ICANN Policy at ¶ 4(k).[3] Furthermore, Armitage's counsel sent an e-mail inquiry to <domain.disputes@wipo.int>, and the response from the WIPO Arbitration and Mediation Center said that the administrative panel's determination would be binding on the registrar of the domain name, but that "[t]his decision is not binding upon a court, and a court may give appropriate weight to the Administrative Panel's decision." Albeit a vague and rather unhelpful interpretation, Weber does not take issue with this WIPO statement.

We conclude that this Court is not bound by the outcome of the ICANN administrative proceedings. But at this time we decline to determine the precise standard by which we would review the panel's decision, and what degree of deference (if any) we would give that decision. Neither the ICANN Policy nor its governing rules dictate to courts what weight should be given to a panel's decision, and the WIPO e-mail message stating

---

[3] The Policy continues: "All other disputes between you and any party other than us regarding your domain name registration that are not brought pursuant to the mandatory administrative proceeding provisions . . . shall be resolved between you and such other party through any court, arbitration or other proceeding that may be available." ICANN Policy at ¶ 5.

4

that "a court may give appropriate weight to the Administrative Panel's decision" confirms the breadth of our discretion.

Because both parties to this case have adequate avenues of recourse should they be unhappy with the administrative panel's imminent decision, we find no need to stay the pending ICANN administrative action. Instead, we hereby stay this case pending the outcome of those proceedings. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 5/3/2000